UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN SCHWARTZ, <br><br> Plaintiff, <br><br> -against- <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendants. | **ANSWER** <br><br> 20-CV-79 (JMA) (AKT) |

Defendant Allstate Insurance Company ("Defendant" or "Allstate"), by its attorneys Littler Mendelson, P.C., as and for its Answer to the Complaint of Steven Schwartz ("Plaintiff" or "Schwarz"), dated January 6, 2020 (the "Complaint"), responds as follows:

## NATURE OF CLAIM

1. Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as described therein.

2. Denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff was hired by Allstate as a Financial Specialist.

3. Denies the allegations set forth in Paragraph 3 of the Complaint, except admits that Plaintiff was hired by Allstate as a Financial Specialist.

4. Denies the allegations set forth in Paragraph 4 of the Complaint.

5. Denies the allegations set forth in Paragraph 5 of the Complaint.

6. Denies the allegations set forth in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. States that Paragraph 7 is a legal conclusion to which no response is required.

8. States that Paragraph 8 is a legal conclusion to which no response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

## PARTIES

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 10 of the Complaint.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. Admits the allegations in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 13 of the Complaint.

14. States that Paragraph 14 is a legal conclusion to which no response is required.

15. Admits the allegations in Paragraph 15 of the Complaint.

## BACKGROUND FACTS

16. Denies the allegations of Paragraph 16 of the Complaint, except admits that Plaintiff was employed by Defendant from December 28, 2018 through August 20, 2019.

17. Denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff was hired by Allstate as a Financial Specialist.

18. Denies the allegations set forth in Paragraph 18 of the Complaint, except admits that Plaintiff was hired by Allstate as a Financial Specialist.

19. Denies the allegations of Paragraph 19 of the Complaint, except admits that Plaintiff was employed by Defendant from December 28, 2018 through August 20, 2019.

20. Denies the allegations in Paragraph 20 of the Complaint.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint.

23. Denies the allegations in Paragraph 23 of the Complaint.

24. Admits the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

26. Denies the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations in Paragraph 27 of the Complaint.

28. Denies the allegations in Paragraph 28 of the Complaint.

29. Denies the allegations in Paragraph 29 of the Complaint.

30. Denies the allegations in Paragraph 30 of the Complaint.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint.

36. Denies the allegations in Paragraph 36 of the Complaint.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

43. With respect to the allegations set forth in Paragraph 43 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Denies the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

50. With respect to the allegations set forth in Paragraph 50 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Denies the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

55. Denies the allegations in Paragraph 55 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

56. With respect to the allegations set forth in Paragraph 56 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Denies the allegations in Paragraph 57 of the Complaint.

58. Denies the allegations in Paragraph 58 of the Complaint.

59. Denies the allegations in Paragraph 59 of the Complaint.

60. Denies the allegations in Paragraph 60 of the Complaint.

61. Denies the allegations in Paragraph 61 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

62. With respect to the allegations set forth in Paragraph 62 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

63. Denies the allegations in Paragraph 63 of the Complaint.

64. Denies the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations in Paragraph 65 of the Complaint.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint.

68. Denies the allegations in Paragraph 68 of the Complaint.

## DEMAND FOR A JURY TRIAL

69. Paragraph 69 is a demand for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

70. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and/or upon which prejudgment interest can be awarded.

## SECOND DEFENSE

71. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

5

### THIRD DEFENSE

72. Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

### FOURTH DEFENSE

73. Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

### FIFTH DEFENSE

74. Plaintiff's claims are barred, in whole or in part, to the extent he failed to exercise reasonable diligence to mitigate his damages. Alternatively, if Plaintiff did mitigate his damages, Defendant is entitled to an offset against any damages allegedly due to Plaintiff.

### SIXTH DEFENSE

75. To the extent Plaintiff is seeking punitive damages, Defendant did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

### SEVENTH DEFENSE

76. The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

**EIGHTH DEFENSE**

77.     Plaintiff's injuries, suffering, and damages, if any, were caused by his own conduct and not by any legal duty Defendant owed to Plaintiff.

**NINTH DEFENSE**

78.     To the extent that Plaintiff claims he suffered any emotional distress, there was no intent to inflict such emotional distress on Plaintiff and such distress was not severe or outrageous.

**TENTH DEFENSE**

79.     Plaintiff is not entitled to punitive damages. Defendant, at all times, acted in good faith and with reasonable grounds to believe that their own acts or omissions were not in violation of 42 U.S.C § 1981 or any other legal duty owed to Plaintiff.

**ELEVENTH DEFENSE**

80.     Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and retaliation and to comply with the applicable anti-discrimination and anti-retaliation laws.

**TWELFTH DEFENSE**

81.     To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Defendant and without Defendant's authorization, ratification or notification, and to the extent that such persons were Defendant's employees, such acts were outside the scope of any employee's duties with Defendant. Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

### THIRTEENTH DEFENSE

82. Defendant did not know, nor should it have known, of any discriminatory or retaliatory conduct and, thus, it did not fail to take immediate and appropriate corrective actions.

### FOURTEENTH DEFENSE

83. Defendant did not aid, abet, ratify, condone, encourage or approve any allegedly discriminatory conduct as alleged by Plaintiff.

### FIFTEENTH DEFENSE

84. Defendant reserves the right to assert additional defenses as established by the facts of this case.

### SIXTEENTH DEFENSE

85. To the extent that Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation, wrongdoing that would materially affect the terms and conditions of Plaintiff's employment or would result in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on his claims, assuming *arguendo*, he is able to establish liability.

WHEREFORE, Allstate respectfully requests judgment in its favor and against Plaintiff granting the following relief:

a. Dismissing Plaintiff's Complaint in its entirety;

b. Awarding Allstate its costs, disbursements, and attorneys' fees incurred in defending this action; and

      c.      Any such other and further relief in Allstate's favor as the Court deems just and proper.

Dated: New York, New York
       March 23, 2020

                                      **LITTLER MENDELSON, P.C.**

                              By: _____/s/_____
                                  Devjani H. Mishra
                                  James F. Horton
                                  *Attorneys for Defendants*
                                  900 Third Avenue
                                  New York, New York 10022
                                  (212) 583-9600
                                  dmishra@littler.com
                                  jfhorton@littler.com

To:     SCHWARTZ ETTENGER, PLLC
         *Attorneys for Plaintiff*
         445 Broad Hollow Road, Suite 205
         Melville, New York 11747
         (631) 777-2401
         jse@selawny.com